**"Document Electronically Filed"**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZAZZALI, FAGELLA, NOWAK
KLEINBAUM & FRIEDMAN
570 BROAD STREET – SUITE 1402
NEWARK, NE JERSEY 07102-5410
(973) 623-1822
Attorneys for Petitioners

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172  and LABORERS' LOCAL UNION NOS. 472 & 172  WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.C.,  Petitioners,  v.  LIMA CHARLIE CONSTRUCTION, INC.,  Respondent. | HON: Civil Action No.: 23-516  **VERIFIED PETITION TO CONFIRM ARBITRATION AWARD** |

Come now the Petitioners, Laborers' Local Union Nos. 472 & 172  and Laborers' Local Union Nos. 472 & 172  Welfare and Pension Funds and Safety, Education and Training Funds, and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, by and through their attorneys, Zazzali, Fagella, Nowak, Kleinbaum & Friedman, whose petition respectfully shows:

1.     This Court has jurisdiction over this matter through 9 U.S.C.§9 (1976) and 29 U.S.C.§185.

2.     Respondent is bound to a written collective bargaining agreement with petitioner Laborers' Local Union Nos. 472 & 172 Benefit Funds.  (Attached to the award is a true and accurate copy of the signature page and relevant contract excerpt for **LIMA CHARLIE CONSTRUCTION, INC.,** which is Exhibit B).

3.    The agreement provides for the submission to arbitration of any controversies concerning delinquent payments to the Laborers' Local Union Nos. 472 & 172 Benefit Funds.

4.    A true and accurate copy of Articles 38 and 39 (and Articles 42 and 43, as appropriate) of the collective bargaining agreement, which provides for the submission of disputes regarding delinquencies to the permanent arbitrator, is attached hereto as Exhibit A.

5.    Pursuant to the agreement, this dispute was submitted to the Arbitrator, J.J. Pierson, who, upon a hearing held on **December 29, 2022** with proper notice to all parties, entered an award, in writing, dated **December 29, 2022** a copy of which is attached hereto as Exhibit B (Attached to the award is a true and accurate signature page for **LIMA CHARLIE CONSTRUCTION, INC.**)

6.    A brief is unnecessary in light of the simple facts of this case and the clear authority of this Court to confirm arbitration awards.

WHEREFORE, petitioners respectfully move this Court to proceed expeditiously and without a hearing under Fed. R. Civ. P. 78 and to enter an order confirming said award, directing that judgment be entered thereon and awarding such other relief as this Court may deem equitable and just.

Dated: January 30, 2023          By:    s/Edward H. O'Hare (EOH4375)
                                        Zazzali Fagella Nowak Kleinbaum
                                         & Friedman
                                        570 Broad Street – Suite 1402
                                        Newark, NJ 07102
                                        Office: (973) 623-1822
                                        Fax: (973) 623-2209
                                        eohare@zazzali-law.com



PETITIONER'S
EXHIBIT
A

EFFECTIVE

MARCH 1, 2007 TO FEBRUARY 29, 2012

AGREEMENT

*Entered into between*

UTILITY AND TRANSPORTATION
CONTRACTORS ASSOCIATION
AND THE
ASSOCIATED GENERAL
CONTRACTORS of NEW JERSEY

and

LABORERS-INTERNATIONAL UNION
OF NORTH AMERICA
HEAVY AND GENERAL
CONSTRUCTION
LABORERS
LOCALS 472 and 172
of the STATE of NEW JERSEY

**E.R.I.S.A.**

**37.** *Insurance for Employer's Liability Under Employee Retirement Income Security Act of 1974*

The federal legislation entitled, "Employee Retirement Income Security Act of 1974", mandates insurance for the Employer liability either through a government corporation or private coverage.

In order to adequately protect the industry and the Employers in the Heavy Construction Industry, each Employer shall contribute an amount to be established by the Labor Relations Committee of the Utility and Transportation Contractors Association of New Jersey, (hereinafter "U.T.C.A.") and/or The Associated General Contractors of New Jersey, (hereinafter "A.G.C.") for the purposes of providing said insurance for the Employer's protection as of a date to be determined by a depository, agency or other legal fund to be established and administered by the U.T.C.A. and/or the A.G.C.

The Administrator of the several employee benefit funds established herein shall receive and deposit all contributions made in accordance with this Article and deposit said contributions in a separate account.

**COLLECTION COSTS**

**38.** *Collection Costs*

a) Any Employer delinquent in payment of contributions to or filing of reports with regard to

any of the funds established herein shall pay reasonable attorney's fees of no less than 20% of the amount due when legal services are required to collect such indebtedness, together with any costs and interest thereon. Notwithstanding any other provision of this Agreement, the Employer shall be required to pay the fee of the arbitrator when arbitration is required, and shall also be required to pay all auditing costs where the Employer has failed to grant an audit appointment or permit an audit to occur, or failed to keep an audit appointment, or failed to supply the auditor with all of the requested records, or otherwise failed to fully cooperate with the Fund's auditors.

The Employer shall also be required to pay all reauditing costs in any instance where he disputes the amount claimed due to the Funds and he is reaudited, except where the reaudit shows that the Employer did not owe the Funds unpaid contributions for the period in question. The Trustees or the Co-Chairman acting for them when so designated may require any Employer to file a bond with sufficient surety and in an adequate amount to guarantee filing of future reports and payment of required contributions.

b) In the event that a payment by an Employer is not received by the Funds within thirty calendar days of the due date of the payment, an administra-

**FUND ARBITRATION**

tive fee of 2% of the amount due shall be paid by the Employer to the Funds. The Employer shall also file with the Funds a surety bond up to the amount of $300,000.00 as a guarantee for all unpaid balances. Thereafter, interest shall be due at the rate of 12% per annum for any unpaid contributions. This provision shall not limit in any way the Unions' right to take any action allowed under Article 17 of this Agreement.

### 39. Fund Arbitration

In the event that the Union, an Employer or the Fund's Trustees allege any dispute, violation or grievance concerning any provision of Article 32 through 38 or any provision of Article 17, the dispute, grievance or violation including disputes over delinquencies, shall be submitted to the permanent arbitrator or arbitrators established by the Employer and Employee Trustees of the aforesaid funds for resolution and binding decision. The submission of any said dispute, grievance or violation to the permanent arbitrator or arbitrators shall be in addition to, and not in lieu of or a waiver of, the Union's right to take economic action under Article 17 and/or its right to sue for specific performance of the contract. Any dispute in connection with the arbitrability of a matter shall be resolved by the arbitrator.

### 40. Fringe Benefit Payment Bond

The Trustees of the Pension or Welfare Fund, or a designated committee thereof, shall require an Employer to post a bond not to exceed the sum of $300,000.00 with a surety that is currently approved by the NJ Department of Treasury in accordance with NJAC 11:1-41 to secure payment of all sums due or to become due to the several Funds created or maintained under this Agreement.

### 41. Subcontractor Assignment of Monies

If a subcontractor is delinquent to any fund established under this Agreement and the subcontractor assigns monies due to him from the prime contractor over to the Fund or Funds, the prime contractor shall honor the assignment, provided it is in writing, to the extent of said monies due to the subcontractor.

### 42. Successors in Interest

This Agreement shall be binding upon the parties hereto, their successors, administrators, executors and assigns. In the event an entire company or any part thereto is sold, leased, transferred, or taken over by sale, transfer, lease, assignment, receiver-

# EFFECTIVE

## MARCH 1, FEBRUARY 28, 2012 TO 2015

# AGREEMENT

*Entered into between*

UTILITY AND TRANSPORTATION
CONTRACTORS ASSOCIATION
AND THE
ASSOCIATED GENERAL
CONTRACTORS of NEW JERSEY

and

LABORERS INTERNATIONAL UNION
OF NORTH AMERICA
HEAVY AND GENERAL
CONSTRUCTION
LABORERS'
LOCALS 472 and 172
of the STATE of NEW JERSEY

The Administrator of the several employee benefit funds established herein shall receive and deposit all contributions made in accordance with this Article and deposit said contributions in a separate account.

**¶42.   Collection Costs**

a) Any Employer delinquent in payment of contributions to or filing of reports with regard to any of the funds established herein shall pay reasonable attorney's fees of no less than 20% of the amount due when legal services are required to collect such indebtedness, together with any costs and interest thereon. Notwithstanding any other provision of this Agreement, the Employer shall be required to pay the fee of the arbitrator when arbitration is required, and shall also be required to pay all auditing costs where the Employer has failed to grant an audit appointment or permit an audit to occur, or failed to keep an audit appointment, or failed to supply the auditor with all of the requested records, or otherwise failed to fully cooperate with the Fund's auditors.

The Employer shall also be required to pay all reauditing costs in any instance where he disputes the amount claimed due to the Funds and he is

reaudited, except where the reaudit shows that the Employer did not owe the Funds unpaid contributions for the period in question. The Trustees or the Co-Chairman acting for them when so designated may require any Employer to file a bond with sufficient surety and in an adequate amount to guarantee filing of future reports and payment of required contributions.

**¶43.   Fund Arbitration**

In the event that the Union, an Employer or the Fund's Trustees allege any dispute, violation or grievance concerning any provision of Article 14, Article 32 through 38 or any provision of Article 17, the dispute, grievance or violation including disputes over delinquencies, shall be submitted to the permanent arbitrator or arbitrators established by the Employer and Employee Trustees of the aforesaid funds for resolution and binding decision. The submission of any said dispute, grievance or violation to the permanent arbitrator or arbitrators shall be in addition to, and not in lieu of or a waiver of, the Union's right to take economic action under Article 17 and/or its right to sue for specific performance of the contract or the Trustees' rights under ERISA. Any dispute in connection with the arbitrability of a matter shall be resolved by the arbitrator.

FUND ARBITRATION

### 44. Fringe Benefit Payment Bond

The Trustees of the Pension or Welfare Fund, or a designated committee thereof, may require an Employer to post a bond not to exceed the sum of $300,000.00 with a surety that is currently approved by the NJ Department of Treasury in accordance with NJAC 11:1-41 to secure payment of all sums due or to become due to the several Funds created or maintained under this Agreement.

### 45. Subcontractor Assignment of Monies

If a subcontractor is delinquent to any fund established under this Agreement and the subcontractor assigns monies due to him from the prime contractor over to the Fund or Funds, the prime contractor shall honor the assignment, provided it is in writing, to the extent of said monies due to the subcontractor.

### 46. Successors in Interest

This Agreement shall be binding upon the parties hereto, their successors, administrators, executors and assigns. In the event an entire company or any part thereto is sold, leased, transferred, or taken over by sale, transfer, lease, assignment, receiver-

ship or bankruptcy proceedings, such company shall continue to be subject to the terms and conditions of this Agreement for the life thereof. It is understood by this Article that the parties hereto shall not use any leasing device to a third party to evade this contract.

The Employer shall give notice of the existence of this Agreement to any purchaser, transferee, lessee, assignee, etc. Such notice shall be in writing with a copy to the Union at the time the seller, transferor, lessor, etc. executes a contract of transaction as herein described.

This Agreement shall be binding upon each individual Employer regardless of whether or not he or it changes the name or style or address of his or its business. Each individual Employer shall give notice in writing to the Union of any intent to change the name or address of his or its business, or to perform business under more than one name or at more than one address, prior to the adoption of a new or different name, style or address, of the addition of new names or addresses, as specified herein.

In the event the Employer fails to require the purchaser, transferee or lessee to assume the obligations of this contract, the Employer shall be liable to



MARCH 1, 2015 to FEBRUARY 28, 2018

# AGREEMENT

Entered into between

UTILITY AND TRANSPORTATION
CONTRACTORS ASSOCIATION
AND THE
ASSOCIATED CONSTRUCTION
CONTRACTORS of NEW JERSEY

and

LABORERS INTERNATIONAL UNION
OF NORTH AMERICA
HEAVY AND GENERAL
CONSTRUCTION LABORERS'
LOCALS 472 and 172
of the STATE of NEW JERSEY

COLLECTION COSTS

E.R.I.S.A.

## 41. Insurance for Employer's Liability Under Employee Retirement Income Security Act of 1974

The federal legislation entitled, "Employee Retirement Income Security Act of 1974," mandates insurance for the Employer liability either through a government incorporation or private coverage. In order to adequately protect the industry and the Employers in the Heavy Construction Industry, each Employer shall contribute an amount to be established by the Labor Relations Committee of the Utility and Transportation Contractors Association of New Jersey, (hereinafter "U.T.C.A.") and/or The Associated General Contractors of New Jersey, (hereinafter "ACCNJ") for the purposes of providing said insurance for the Employer's protection as of a date to be determined to a depository, agency or other legal fund to be established and administered by the U.T.C.A. and/or the ACCNJ.

The Administrator of the several employee benefit funds established herein shall receive and deposit all contributions made in accordance with this Article and deposit said contributions in a separate account.

## 42. Collection Costs

a) Any Employer delinquent in payment of contributions to or filing of reports with regard to any of the funds established herein shall pay reasonable attorney's fees of no less than 20% of the amount due when legal services are required to collect such indebtedness, together with any costs and interest thereon. Notwithstanding any other provision of this Agreement, the

Employer shall be required to pay the fee of the arbitrator when arbitration is required, and shall also be required to pay all auditing costs where the Employer has failed to grant an audit appointment, or permit an audit to occur, or failed to supply the auditor with all appointment, or failed to keep an audit of the requested records, or otherwise failed to fully cooperate with the Fund's auditors.

The Employer shall also be required to pay all reauditing costs in any instance where he disputes the amount claimed due to the Funds and he is reaudited, except where the reaudit shows that the Employer did not owe the Funds unpaid contributions for the period in question. The Trustees or the Co-Chairman acting for them when so designated may require any Employer to file a bond with sufficient surety and in an adequate amount to guarantee filing of future reports and payment of required contributions.

## 43. Fund Arbitration

In the event that the Union, an Employer or the Fund's Trustees allege any dispute, violation or grievance concerning any provision of Article 14, Article 32 through 38 or any provision of Article 17, the dispute, grievance or violation including disputes over delinquencies, shall be submitted to the permanent arbitrator or arbitrators established by the Employer and Employee Trustees of the aforesaid funds for resolution and binding decision. The submission of any said dispute, grievance or violation to the permanent arbitrator or arbitrators shall be in addition to, and not in

FUND ARBITRATION

lieu of or a waiver of, the Union's right to take economic action under Article 17 and/or its right to sue for specific performance of the contract or the Trustees' rights under ERISA. Any dispute in connection with any leasing device to a third party to enact this contract, the arbitrability of a matter shall be resolved by the arbitrator.

### 44. *Fringe Benefit Payment Bond*

The Trustees of the Pension or Welfare Fund, or a designated committee thereof, may require an Employer to post a bond not to exceed the sum of $300,000.00 with a surety that is currently approved by the NJ Department of Treasury in accordance with NJAC 11:1-41 to secure payment of all sums due or to become due to the several Funds created or maintained under this Agreement. The Trustees shall review the bonding policy and present to the parties any revisions for future adoption.

### 45. *Subcontractor Assignment of Monies*

If a subcontractor is delinquent to any fund established under this Agreement and the subcontractor assigns monies due to him from the prime contractor over to the Fund or Funds, the prime contractor shall honor the assignment, provided it is in writing, to the extent of said monies due to the subcontractor.

### 46. *Successors in Interest*

This Agreement shall be binding upon the parties hereto, their successors, administrators, executors and assigns. In the event an entire company or any part thereto

78

is sold, leased, transferred, or taken over by sale, transfer, lease, assignment, receivership or bankruptcy proceedings; such company shall continue to be subject to the terms and conditions of this Agreement for the life thereof. It is understood by this Article that the parties hereto shall not use any leasing device to enact this contract.

The Employer shall give notice of: the existence of this Agreement to any purchaser, transferee, lessee, assignee, etc. Such notice shall be in writing with a copy to the Union at the time the seller, transferor, lessor, etc., executes a contract of transaction as herein described.

This Agreement shall be binding upon each individual Employer regardless of whether or not he or its changes the name or style or address of his or its business. Each individual Employer shall give notice in writing to the Union of any intent to change the name or address of his or its business, or to perform business under more than one name or at more than one address, prior to the adoption of a new or different name, style or address, of the addition of new names or addresses, as specified herein. In the event the Employer fails to give the notice herein required and/or fails to require the purchaser, transferee or lessee to assume the obligations of this contract, the Employer shall be liable to the Union and to the employees covered for all damages sustained as a result of such failure to require assumption of the terms of this contract.

### 47. *Preservation of Unit Work*

a) In order to protect and preserve, for the employees covered by this Agreement, all work heretofore

79

EFFECTIVE

MARCH 1,          FEBRUARY 28,
**2018**     TO     **2021**

AGREEMENT

Entered into between

UTILITY AND TRANSPORTATION
CONTRACTORS ASSOCIATION
AND THE
ASSOCIATED CONSTRUCTION
CONTRACTORS of NEW JERSEY

and

LABORERS INTERNATIONAL UNION
OF NORTH AMERICA
HEAVY AND GENERAL
CONSTRUCTION LABORERS'
LOCALS 472 and 172
of the STATE of NEW JERSEY

**E.R.I.S.A.**

41. *Insurance for Employer's Liability
     Under Employee Retirement Income
     Security Act of 1974*

The federal legislation entitled, "Employee Retirement Income Security Act of 1974", mandates insurance for the Employer liability either through a government corporation or private coverage. In order to adequately protect the industry and the Employers in the Heavy Construction Industry, each Employer shall contribute an amount to be established by the Labor Relations Committee of the Utility and Transportation Contractors Association of New Jersey, (hereinafter "U.T.C.A.") and/or The Associated General Contractors of New Jersey, (hereinafter "ACCNJ") for the purposes of providing said insurance for the Employer's protection as of a date to be determined to a depository, agency or other legal fund to be established and administered by the U.T.C.A. and/or the ACCNJ.

The Administrator of the several employee benefit funds established herein shall receive and deposit all contributions made in accordance with this Article and deposit said contributions in a separate account.

**COLLECTION COSTS**

42. *Collection Costs*

a) Any Employer delinquent in payment of contributions to or filing of reports with regard to any of the funds established herein shall pay reasonable attorney's fees of no less than 20% of the amount due when legal services are required to collect such indebtedness, together with any costs and interest thereon. Notwithstanding any other provision of this Agreement, the

76

Employer shall be required to pay the fee of the arbitrator when arbitration is required, and shall also be required to pay all auditing costs where the Employer has failed to grant an audit appointment or permit an audit to occur, or failed to keep an audit appointment, or failed to supply the auditor with all of the requested records, or otherwise failed to fully cooperate with the Fund's auditors.

The Employer shall also be required to pay all reauditing costs in any instance where he disputes the amount claimed due to the Funds and he is reaudited, except where the reaudit shows that the Employer did not owe the Funds unpaid contributions for the period in question. The Trustees or the Co-Chairman acting for them shall create a policy outlining when contractors are required to post a bond with sufficient surety and in an adequate amount to guarantee payment of required contributions.

When a general contractor provides the Fund office with a list of their subcontractors, the Funds office shall provide the general contractor notice of their subcontractor's benefit funds delinquencies, with the initial notice by certified mail. Any subsequent notice regarding the delinquency may be sent by regular mail, fax or other method of delivery acceptable in the normal course of business.

### 43. Fund Arbitration

In the event that the Union, an Employer or the Fund's Trustees allege any dispute, violation or grievance concerning any provision of Article 14, Article 32 through 38 or any provision of Article 17, the dispute, grievance or violation including disputes over delinquencies, shall be submitted to the permanent ar-

77

**FRINGE BENEFIT PAYMENT BOND**

bitrator or arbitrators established by the Employer and Employee Trustees of the aforesaid funds for resolution and binding decision. The submission of any said dispute, grievance or violation to the permanent arbitrator or arbitrators shall be in addition to, and not in lieu of or a waiver of, the Union's right to take economic action under Article 17 and/or its right to sue for specific performance of the contract or the Trustees' rights under ERISA. Any dispute in connection with the arbitrability of a matter shall be resolved by the arbitrator.

### 44. Fringe Benefit Payment Bond

The Trustees of the Pension or Welfare Fund, or a designated committee thereof, may require an Employer to post a bond not to exceed the sum of $300,000.00 with a surety that is currently approved by the NJ Department of Treasury in accordance with NJAC 11:1-41 to secure payment of all sums due or to become due to the several Funds created or maintained under this Agreement. The Trustees shall review the bonding policy and present to the parties any revisions for future adoption.

**SUBCONTRACTOR ASSIGNMENT OF MONIES**

### 45. Subcontractor Assignment of Monies

If a subcontractor is delinquent to any fund established under this Agreement and the subcontractor assigns monies due to him from the prime contractor over to the Fund or Funds, the prime contractor shall honor the assignment, provided it is in writing, to the extent of said monies due to the subcontractor.

78

# EFFECTIVE

## MARCH 1, 2021 TO FEBRUARY 29, 2024

# AGREEMENT

*Entered into between*

**UTILITY AND TRANSPORTATION
CONTRACTORS ASSOCIATION
AND THE
ASSOCIATED CONSTRUCTION
CONTRACTORS of NEW JERSEY**

and

**LABORERS INTERNATIONAL UNION
OF NORTH AMERICA
HEAVY AND GENERAL
CONSTRUCTION LABORERS'
LOCALS 472 and 172
of the STATE of NEW JERSEY**

 120

CONTRACTOR

CODE

**GRIEVANCE**

gear and clothing to employees during any inclement weather or as the circumstances may warrant. Appropriate cleanup and dress up accommodations shall be provided for employees covered under this Agreement unless the job is spread out or of short duration. Additional sets of such gear and clothing shall be provided upon return of the set originally issued.

### 17. Grievance and Arbitration Procedure

Any dispute concerning the interpretation, construction or application of this Agreement, including disputes concerning whether the discharge, termination or discipline of any employee was for just cause, shall be considered a grievance. The Employer and the Union first shall attempt to informally resolve any such grievance by a Joint Committee, if requested by either party. The Joint Committee shall consist of two Union representatives and two Employer representatives. Failing amicable adjustment, either party may submit the grievance to the New Jersey State Board of Mediation for final and binding arbitration. Only the Union and the Employer shall have the right to submit a grievance to arbitration. Should a grievance arise on the designation of a Job Steward, the Union shall have the right to pursue arbitration expeditiously.

The arbitrator shall have the right to order any appropriate remedy for any losses incurred by any laborer, Fund, Union or Employer for violation of this Agreement. However, anything to the contrary in the Agreement notwithstanding, only the Union, the

36

Fund's Trustees or the Employer shall have the right to submit any grievance to arbitration. Any dispute in connection with the substantive or procedural arbitrability of a matter shall be resolved by the arbitrator.

Except as provided for in Article 42, the Employer and Union shall bear their own cost and expenses of the arbitration, and the Arbitrator's fees and costs shall be borne equally by the Employer and Union.

It is hereby agreed and understood that until final decision has been rendered as above provided there shall be no lockouts of any sort by the Employer nor shall there be any strike or stoppage of work of any sort by the Union or their members, except for reasons specifically set forth in other provisions of this Agreement, and all grievances or complaints of any sort that may arise from either party over the interpretation or application of the terms of this Agreement are to be submitted as hereinabove set forth.

It is agreed that if the Employer fails to pay wages as agreed upon herein, or fails to comply with the provisions of Article 5 or 14 of this Agreement, or fails to pay holiday time, or to submit reports and proper contributions to the Welfare, Pension, the Safety, Education, and Training, Annuity Fund, Vacation, L.E.C.E.T., N.J.S.L.H. & S.T.F., or Industry Advancement Funds, as required herein or fails to require employees to maintain Union security, as provided herein, or fails or refuses to allow an inspection of payroll, employment

37

**WAGE & FRINGE BENEFIT RATES**

and related records of employees as permitted by Articles 33 and 34 of the Agreement, then any such failure shall be deemed an "open breach" of this Agreement, not requiring arbitration and the Union shall have the right to picket or to call a strike or work stoppage until the "breach" is corrected.

In the event the Union conducts a work stoppage for any of the reasons permitted by the Article, the Employer shall reimburse employees for all wages and fringe benefits lost as a result of the workstoppage for the first day of the stoppage. In the event the stoppage continues beyond one day, the Employer's liability shall be limited to one day's pay. In the event the employees return to work, but the Employer nevertheless fails to cure the violation, the Employer shall again be liable for the wages and benefits lost on the first day of the stoppage and of each successive stoppage.

**18. Wages**

It is agreed that the classification of work, rates, payments and wages shall be in accordance with the following terms and conditions. No employee shall suffer any decrease in rates received on February 28, 2021.

38

STATE OF NEW JERSEY



|  |  |
|---|---|
| In the Matter of the Arbitration between:<br><br>LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS ("Funds")<br><br>    AND<br><br>Lima Charlie Construction<br><br>("Employer") | **ARBITRATION AWARD AND ORDER** |

Before:        J.J. Pierson, Esq.
                   Arbitrator

This matter having been opened to J.J. Pierson, Esq., Arbitrator, and in light of the current pandemic, a hearing having been conducted on **December 29, 2022**, by the undersigned via Zoom videoconferencing technology, and the Employer, having been notified and advised of same and having failed to appear, respond and/or otherwise participate after due notice, and sworn testimony having been taken, and it appearing that the Employer is bound to a collective bargaining agreement with the Local Union No. 472 and/or 172; that the Employer was delinquent in payment of contributions required under the agreement with Local Union No. 472 and/or 172 Welfare Fund, Pension Fund, and Safety, Education and Training Fund; that Article 38 and 39 (or Articles 42 and 43, where appropriate) of the collective bargaining agreement requires that Employers delinquent in payment of contributions to or filing of reports with regard to any of the Funds shall pay reasonable attorneys' fees when legal services are required to collect such indebtedness, together with interest, liquidated damages and any costs, and shall also pay all auditing fees and the fee of the Arbitrator when arbitration is required; that legal services were required to collect delinquencies in contributions owed to the Funds by the Employer and that such legal services were rendered by Zazzali, Fagella, Nowak, Kleinbaum & Friedman, attorneys for the Funds; it is therefore AWARDED and ORDERED that:

1.    The Employer shall pay forthwith to the Funds contributions for the period of delinquency October 1, 2022 through October 31, 2022, in the sum of $65,579.97 subject to the adjustment by any audit as allowed herein, plus interest, at the rate of 8% per annum, in the amount of $874.40 on the unpaid balance for the period such monies remain outstanding after the date such contributions become due and payable under the Collective Bargaining Agreement.

2.    The Employer shall further pay to the Funds, in accordance with the Funds' Delinquency Procedures and applicable law, liquidated damages equal to 5% of the delinquent contributions multiplied by the number of months or partial months that elapsed between the Due Date and the date the contributions are actually paid in full to the Funds (to a maximum of 20% of the delinquent contributions), which, as of the date of this Award, is $3,279.00.

3.    The Employer shall pay forthwith to Zazzali, Fagella, Nowak, Kleinbaum & Friedman, 570 Broad Street, Suite 1402, Newark, New Jersey 07102 as reasonable attorneys' fees the sum of $13,115.99, which is 20% of $65,579.97 as shown to be due the Funds, or shall pay 20% of the adjusted amount shown to be due by the audit ordered herein plus interest at the rate of 10% from the date of this Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of this Award.

4.    The Trustees of the Funds, in their discretion, shall cause an audit to be made of the payrolls and such other records of the Employer as are considered pertinent by the Trustees from January 1, 2019 to date, and the Employer shall cooperate in the performance of an audit and shall also pay all auditing fees.

5.    In accordance with the provisions of Article 38 the Employer shall reimburse the Funds for the Arbitrator's fee of $1,600.00. Payment by the Employer, of the Arbitrator's fee shall be deemed an obligation imposed by this Award.

6.    The Employer shall pay all the petitioners' costs incurred in this action.

7.      **THE EMPLOYER SHALL BE LIABLE IN THE <u>TOTAL AMOUNT</u> OF <u>$84,449.35</u> AND ALL COSTS IN THIS ACTION AND SHALL SUBMIT SAID PAYMENT TO "ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN TRUST ACCOUNT", 570 BROAD STREET, SUITE 1402, NEWARK, NEW JERSEY 07102-5410.**

8.      The Employer shall make all future contributions to the Funds in a prompt and timely manner, as determined by the Funds, and the failure of the Employer to do so shall be deemed a violation of this Award.

9.      The Funds and Union shall have the right to examine all records of the Employer including all financial records, in the event the Employer is unwilling or unable, or claims to be unwilling or unable, to pay contributions due to the Funds in order for the Funds and the Union to determine whether in fact there are assets, the location of such assets, and whether assets have been conveyed, directly or indirectly to any other person or entity.

10.     In addition to the attorneys' fees awarded herein, the Employer shall pay as supplementary attorneys' fees of ten percent (10%) of the total amount due to the Funds, in the event that any additional efforts or services of any nature are required by any attorney for the Union, subsequent to the issuance of any court judgment confirming this Arbitration Award, in order to recover amounts due on said judgment.

11.     The Employer, its president, registered agent, or other authorized corporate official designated by the Funds, shall appear for discovery on oath and produce documents concerning the property and things in action of the Employer at the office of Zazzali, Fagella, Nowak, Kleinbaum & Friedman, 570 Broad Street, Suite 1402, Newark, New Jersey, upon ten (10) days' notice.

12.     The Employer shall produce at that time and place the following documents pertaining to the Employer:

>   A.     Bank Accounts;
>
>   B.     Federal and state tax returns;
>
>   C.     Financial statements;
>
>   D.     Documents evidencing ownership interest in real estate, motor vehicle, any and all equipment, pension, life or profit sharing plans, stocks, bonds, securities or other tangible goods;
>
>   E.     Payroll records, accounts receivables and accounts payables;
>
>   F.     Any judgments or liens by or against the Employer;
>
>   G.     Any and all loans, promissory notes, bills of exchange or commercial paper made by or for the benefit of the Employer.

13.     The arbitrator retains jurisdiction in the event of any dispute of any nature concerning the interpretation or application of the Award.

Dated:  December 29, 2022

_____
Arbitrator

Commonwealth of Pennsylvania          )
                                      ) SS:
County of Northampton                 )

On this, the 29th day of December, 2022 before me, COLLEEN PIERSON, the undersigned officer, personally appeared  J. J. PIERSON , known to me to be the person whose name is subscribed to the within instrument, and acknowledged that J. J. PIERSON executed the same for the purposes consideration therein contained.

In witness whereof, I herewith set my hand official seal.

_____
COLLEEN PIERSON, Notary Public

Commonwealth of Pennsylvania - Notary Seal
Colleen Pierson, Notary Public
Northampton County
My commission expires June 30, 2026
Commission number 1421937
Member, Pennsylvania Association of Notaries

Local 472
# Heavy and General Construction Laborers' Union

## STANDARD JOB AGREEMENT

The undersigned Employer and Laborers' Local Union No. 472,
a/w Laborers' International Union of North America, hereby agree that, commencing
On the day of _____ 20 APRIL _____, 20 20
and for the duration of the period commencing on this date and ending at the completion
of the job located at ____ CRAWFORD AVENUE , SHREWSBURY TOWNSHIP
_____ (SANITARY SEWER PROJECT) _____,
the undersigned Employer agrees to abide by all terms and conditions of the collective
bargaining agreement presently in effect between the Utility and Transportation
Contractors Association and the Associated Construction Contractors of New Jersey and
the Laborers' Local Union No. 472. Said agreement is attached hereto and is incorporated
herein by reference.


(Where Applicable) Job General Contractor
_____ LIMA CHARLIE CONSTRUCTION _____

Address____ 1 BROAD STREET, SUITE 4, FREEHOLD, NJ 07728

By The Employer ____ LIMA CHARLIE CONSTRUCTION ____

Address____ 1 BROAD STREET, SUITE 4, FREEHOLD, NJ 07728

By _____ Jeff C? _____ CEO
    Authorized Officer Signature              Title

Authorized Officer Print Name____ JEFF CANTOR ____

By the Laborers' Local Union No. 472

Address    700 Raymond Boulevard, Newark, New Jersey 07105

By _____ Michael Testa
    Authorized Officer          Business Representative